UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

SLOAN P. STANLEY,

             Plaintiff,

    v.

MASON COUNTY JAIL, *et al.*,

             Defendants.

CASE NO. 3:21-cv-05860-MJP-JRC

ORDER DECLINING TO RECUSE

This matter is before the undersigned on referral from the District Court and on plaintiff's motion "to change magistrate judge [and] to expedite all matters." Dkt. 5. For the reasons set forth below, the undersigned interprets the motion to change magistrate judges as a motion to recuse, declines to recuse himself voluntarily, and refers the matter to the Chief Judge for consideration. The Court declines to rule on the request to expedite this case until the District Court has ruled on the request to recuse.

**DISCUSSION**

"Any justice, judge, or magistrate judge of the United States shall disqualify himself in

ORDER DECLINING TO RECUSE - 1

any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. § 455(a). A judge also shall disqualify himself where he "has a personal bias or prejudice concerning a party." 28 U.S.C. § 455(b)(1). Further, "[w]henever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding." 28 U.S.C. § 144.

Local Civil Rule 3(f) additionally provides that—

> Whenever a motion to recuse directed at a judge of this court is filed pursuant to 28 U.S.C. § 144 or 28 U.S.C. § 455, the challenged judge will review the motion papers and decide whether to recuse voluntarily. If the challenged judge decides not to voluntarily recuse, he or she will direct the clerk to refer the motion to the chief judge, or the chief judge's designee. If the motion is directed at the chief judge, or if the chief judge or the chief judge's designee is unavailable, the clerk shall refer it to the active judge with the highest seniority.

Under both 28 U.S.C. § 144 and 28 U.S.C. § 455, recusal of a federal judge is appropriate if "a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned." *Yagman v. Republic Insurance*, 987 F.2d 622, 626 (9th Cir. 1993). This is an objective inquiry concerned with whether there is the appearance of bias, not whether there is bias in fact. *Preston v. United States*, 923 F.2d 731, 734 (9th Cir. 1992); *United States v. Conforte*, 624 F.2d 869, 881 (9th Cir. 1980). In *Liteky v. United States*, 510 U.S. 540 (1994), the United States Supreme Court further explained the narrow basis for recusal:

> [J]udicial rulings alone almost never constitute a valid basis for a bias or partiality motion. . . . [O]pinions formed by the judge on the basis of facts introduced or events occurring in the course of the current proceedings, or of prior proceedings, do not constitute a basis for a bias or partiality motion unless they display a deep seated favoritism or antagonism that would make fair judgment impossible. Thus, judicial remarks during the course of a trial that are critical or disapproving of, or

|   |   |
|---|---|
| 1 | even hostile to, counsel, the parties, or their cases, ordinarily do not support a bias or partiality challenge. |
| 2 |   |

3    *Id*. at 555.

4        Plaintiff requests that the undersigned recuse himself because the undersigned issued various rulings in plaintiff's other litigation in this Court, *Stanley v. Uttecht* ("*Stanley I*"), 3:20-cv-05399-JCC (W.D. Wash.). In that matter, plaintiff, acting *pro se*, filed a motion for declaratory relief to have the statute under which he had been convicted declared unconstitutional. Dkt. 10, at 2, *Stanley I*. The Court issued a show cause order explaining why this was not a viable theory and that plaintiff "must follow the procedures set forth in 28 U.S.C. § 2254 if he seeks such relief." *Id.* at 2–3. The Court then offered plaintiff an opportunity to file a habeas petition if he wished to do so, or to amend his pleading to explain why the Court had subject matter jurisdiction. *Id.* at 4; *see also* Dkt. 13, at 3, *Stanley I* (explaining that plaintiff's citation of additional authority did not alter the analysis in the show cause order and giving plaintiff additional time in which to respond). Plaintiff then filed a petition for writ of habeas corpus. Dkt. 16, *Stanley I*.

       After the Court directed service of the petition (Dkt. 22, *Stanley I*), respondent filed an answer asserting that the petition should be denied because plaintiff was not "in custody" and because his petition was untimely. Dkt. 26, *Stanley I*. After considering the arguments presented in the habeas petition and in the original "motion for declaratory relief," the Court agreed with respondent that the petition should be denied because plaintiff was not in custody. Dkt. 35, at 2, *Stanley I*. The Court gave detailed consideration to both of plaintiff's arguments that he was "in custody" even though he had been released. *See* Dkt. 35, at 5–12, *Stanley I*. The District Court judge agreed with the undersigned's analysis and adopted the Report and

ORDER DECLINING TO RECUSE - 3

Recommendation, dismissing the petition with prejudice and declining to issue a certificate of appealability. Dkt. 37, at 2, *Stanley I*. Plaintiff's appeal was unsuccessful. Dkt. 44, *Stanley I*.

Now, plaintiff argues that the rulings in *Stanley I* evince bias. Plaintiff asserts that the Court was "seemingly pushing" him in the direction of filing a habeas petition and reiterates his arguments that the Court has jurisdiction to hear his motion for a declaratory judgment. Dkt. 5, at 3. These arguments amount to disagreement with the basis for prior rulings and do not evince bias. The undersigned carefully considered all of plaintiff's arguments in *Stanley I* and, due to plaintiff's *pro se* status, endeavored to interpret his pleadings liberally, giving him the benefit of the doubt. As noted, the District Court judge agreed with the undersigned's recommendation, notwithstanding plaintiff's detailed objections.

Plaintiff also asserts that he has filed a complaint of judicial misconduct against the undersigned. The Court has considered whether existence of a complaint against the undersigned merits recusal. Guidance from the Judicial Conference's Committee on Codes of Conduct Advisory Opinions counsels that—

> [r]ecusal is also not automatically warranted when an attorney has filed a complaint against the judge before whom the attorney is appearing. In such an instance, the judge must determine whether the judge holds a personal bias or prejudice against the attorney, or whether the circumstances would create a reasonable question of the judge's impartiality.

Advisory Opinion No. 66, Guide to Judiciary Policy, Vol. 2B, Ch. 2. Although this guidance is not binding, it discusses Canon 3C of the Code of Judicial Conduct, which tracks the language of 28 U.S.C. § 455.

Here, the undersigned does not have any personal bias or prejudice against plaintiff, nor would the circumstances suggest as much to an outsider. As the Judicial Conference has noted, there are important reasons to avoid automatic disqualification where a complaint has been

lodged against a judge. *See* Advisory Opinion No. 103, Guide to Judiciary Policy, Vol. 2B, Ch. 2. The Court does not understand there to be any realistic potential for sanction, based on plaintiff's conclusory assertion that he has made a complaint about the undersigned, and the circumstances of *Stanley I*. *Id.* ("We do believe a relevant question in this situation is whether it appears that there is a realistic potential for a sanction of some kind to be ordered against the judge."). Moreover, the mere existence of a complaint of judicial misconduct in another matter does not merit automatic recusal. *Accord In re Agha*, No. 10-16183-A-7, 2013 WL 6706001, at *2 (Bankr. E.D. Cal. Dec. 17, 2013); *Ordonez v. United States*, No. CV 07-3751-CBM, 2007 WL 9702035, at *1 (C.D. Cal. Aug. 28, 2007); *see also In re Evergreen Sec., Ltd.*, 570 F.3d 1257, 1265 (11th Cir. 2009); *Woodruff v. McLane*, No. CIV.A. 7:04-CV-96(HL, 2006 WL 3436045, at *2 (M.D. Ga. Nov. 29, 2006).

## CONCLUSION

Therefore, the undersigned declines to recuse himself from the matter. The Court does not rule on the request to expedite matters, at present. Plaintiff's motion (Dkt. 5) shall be referred to Chief Judge Ricardo Martinez for a determination of its merits. LCR 3(e). The Clerk of the Court is directed to place the motion for the recusal of the undersigned on Judge Martinez's motion calendar. A copy of this order shall be sent to plaintiff.

Dated this 21st day of December, 2021.

J. Richard Creatura
Chief United States Magistrate Judge