UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

SLOAN P. STANLEY,

        Plaintiff,

v.

MASON COUNTY JAIL, *et al.*,

        Defendants.

CASE NO. 3:21-cv-05860-MJP-JRC

ORDER TO SHOW CAUSE OR AMEND COMPLAINT

    This matter is before the Court on plaintiff's application to proceed *in forma pauperis* ("IFP") and proposed complaint under 42 U.S.C. § 1983 (Dkts. 1, 1-2) and on referral from the District Court. Plaintiff is incarcerated at the Mason County Jail and proceeds *pro se*.

    Plaintiff's proposed complaint is subject to screening under 28 U.S.C. §§ 1915(e) and 1915A. For the reasons discussed herein, plaintiff's proposed complaint fails to state a claim upon which relief can be granted. However, the Court will offer plaintiff an opportunity to amend his proposed complaint to cure the deficiencies identified in this Order. If plaintiff chooses to amend his proposed complaint, he must file the amended proposed complaint on the

Court's form on or before **April 1, 2022**. Failure to do so or to comply with this Order to show cause will result in the undersigned recommending dismissal of this matter without prejudice.

Plaintiff should be aware that should the Court grant the IFP motion, he would be required to make partial payments toward the $350 filing fee. The Court declines to rule on the IFP motion until plaintiff has presented the Court with a viable complaint. If plaintiff chooses not to proceed with this case, he will not be required to make partial payments toward the $350 filing fee, which is what he would be required to pay if the Court granted plaintiff's request for IFP status.

## DISCUSSION

Plaintiff initiated this matter in November 2021 by filing a proposed civil rights complaint and an application to proceed *in forma pauperis* ("IFP"). Dkt. 1. In his proposed complaint, plaintiff seeks to sue Mason County Jail and the Mason County Jail Chief (Kevin Hanson) for alleged civil rights violations. Dkt. 1-2, at 3.

**I. Mason County Jail**

Plaintiff names Mason County Jail as a defendant. Dkt. 1-2, at 3. However, a county jail is not generally an appropriate defendant in a § 1983 matter. Rather, the municipality (Mason County) is the appropriate defendant for such a claim. *See Nolan v. Snohomish County*, 59 Wn. App. 876, 883 (1990).

Even if plaintiff amends his pleading to name Mason County, however, plaintiff cannot prevail on a § 1983 claim against a municipality, such as a county, unless plaintiff demonstrates that the alleged constitutional deprivation was the result of a "policy or custom" of the county. *City of Canton v. Harris*, 489 U.S. 378, 385 (1989); *Monell v. N.Y.C. Dep't of Soc. Servs.*, 436 U.S. 658, 690–91 (1978). A plaintiff must show that the municipality's employees

or agents acted pursuant to an official custom, pattern, or policy that violated the plaintiff's civil rights, or that the entity ratified the unlawful conduct. *See Monell*, 436 U.S. at 690–91. Moreover, liability exists only where the municipality acts with "deliberate indifference" to the rights of the plaintiff. *City of Canton*, 489 U.S. at 388.

If plaintiff amends his complaint to assert claims against Mason County, rather than Mason County Jail, he must include plausible allegations of how a municipal custom, pattern, policy, or ratification of unlawful conduct was the moving force behind the alleged violations and he must explain how the municipality acted with deliberate indifference to him.

**II. Defendant Hanson**

Plaintiff does not specifically allege any actions by defendant Hanson that violated plaintiff's constitutional rights. Indeed, other than naming Hanson as a defendant, plaintiff does not mention defendant Hanson at all.

Although plaintiff appears to name defendant Hanson on the basis that Hanson is in a position of authority at the defendant Jail, supervisory liability cannot form the basis for liability under section 1983. *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009). Rather, a plaintiff must establish that each individual "[g]overnment-official defendant, through the official's own individual actions, has violated the Constitution." *Id.* In other words, supervisory officials "cannot be held liable unless they themselves" violated a constitutional right. *Id.* Thus, supervisory liability can be imposed only if (1) the supervisor was personally involved in the constitutional deprivation, or (2) there is a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation. *Hansen v. Black*, 885 F.2d 642, 646 (9th Cir. 1989).

ORDER TO SHOW CAUSE OR AMEND COMPLAINT
- 3

If plaintiff wishes to proceed, he must amend his claims against defendant Hanson to explain how Hanson himself violated plaintiff's constitutional rights and not merely rely on Hanson's position at the Jail.

**II. Substantive Claims**

    **A. Access to the Courts**

Plaintiff alleges that his right to access the courts has been violated because he has ongoing *pro se* legal action in federal court and because the jail requires plaintiff to either use a "safety pencil" to write with or to go to the jail law library to use a pen. Dkt. 1-2, at 6.

The right of access to the courts ensures a "reasonably adequate opportunity to present claimed violations of fundamental constitutional rights to the courts," although it does not create a freestanding right to prison law libraries or legal assistance. *Lewis v. Casey*, 518 U.S. 343, 351 (1996) (internal quotation marks and citation omitted). The right of access to the courts "guarantees no particular methodology but rather the conferral of a capability—the capability of bringing contemplated challenges to sentences or conditions of confinement before the courts." *Id.* at 356. It is this "capability, rather than the capability of turning pages in a law library, that is the touchstone" of the right of access to the courts. *Id.* at 356–57. Because the right of access to the courts is not an "abstract, freestanding right to a law library or legal assistance, an inmate cannot establish relevant actual injury simply by establishing that his prison's law library or legal assistance program is subpar in some theoretical sense." *Id.* at 351.

Moreover, plaintiff must show that he suffered an "actual injury" that was caused by defendants' actions to prevail on a claim of violation of the right to access the courts. *See id.* at 354–55. That is, plaintiff "must show that official acts or omissions 'hindered his efforts to

pursue a [non-frivolous] legal claim.'" *Phillips v. Hust*, 588 F.3d 652, 655 (9th Cir. 2009) (quoting *Lewis*, 518 U.S. at 351 (alteration in original)).

Here, plaintiff's allegations fall short of a colorable claim of denial of access of the courts. He alleges only that he believes his legal work must be done in ink (but acknowledges that he has not been held to such a rule) and that he prefers to use a pen. Dkt. 1-2, at 6. He fails to allege that jail staff's actions have plausibly hindered efforts to pursue a nonfrivolous legal claim. Plaintiff's allegations are inadequate to create a viable claim of denial of the right to access the courts.

### B. Dental Hygiene

Plaintiff next alleges that his Fourteenth Amendment right to adequate dental hygiene is being violated because he is not allowed to use dental floss in jail. Dkt. 1-2, at 12. Because plaintiff alleges that he is being held pending retrial, the Court assumes without deciding that the Fourteenth Amendment, rather than the Eighth Amendment, applies to plaintiff's claim.

"Pretrial detainees are entitled to 'adequate food, clothing, shelter, sanitation, medical care, and personal safety.'" *Alvarez-Machain v. United States*, 107 F.3d 696, 701 (9th Cir. 1996) (quoting *Hoptowit v. Ray*, 682 F.2d 1237, 1246 (9th Cir. 1982)). To state a claim of unconstitutional conditions of confinement against an individual defendant, a pretrial detainee must allege facts that show:

> (i) the defendant made an intentional decision with respect to the conditions under which the plaintiff was confined; (ii) those conditions put the plaintiff at substantial risk of suffering serious harm; (iii) the defendant did not take reasonable available measures to abate that risk, even though a reasonable official in the circumstances would have appreciated the high degree of risk involved—making the consequences of the defendant's conduct obvious; and (iv) by not taking such measures, the defendant caused the plaintiff's injuries.

*Gordon v. County of Orange*, 888 F.3d 1118, 1125 (9th Cir. 2018).

1    Whether the conditions and conduct rise to the level of a constitutional violation is an

2    objective assessment that turns on the facts and circumstances of each particular case. *Id.*

3    However, "a de minimis level of imposition" is insufficient. *Bell v. Wolfish*, 441 U.S. 520, 539

4    n.21 (1979).

5    Courts have generally held that the deprivation of dental floss is not a serious enough

6    harm to create a cognizable Fourteenth Amendment claim. *E.g.*, *Andrich v. Arpaio*, No.

7    CV1602111PHXDJHJZB, 2016 WL 11631346, at *8 (D. Ariz. Dec. 13, 2016); *Firor v.*

8    *Hardinger*, No. CV JFM-15-2875, 2016 WL 4491715, at *3 (D. Md. Aug. 24, 2016) ("The

9    deprivation of dental floss, is simply not so repugnant to the conscience or incompatible with the

10   evolving standards of decency that it satisfies the seriousness prong of a deliberate indifference

11   claim.") (internal citation omitted); *Gomez v. Westchester County*, No. 12-CV-6869, 2015 WL

12   1054902, at *8 (S.D.N.Y. Mar. 10, 2015) (detainee's allegation regarding his inability to

13   obtain dental floss did not establish a sufficiently serious medical need), *aff'd*, 649 Fed. App'x

14   93 (2d Cir. 2016).

15   Having reviewed plaintiff's allegations, the Court finds that he has not pleaded such a

16   serious harm from the lack of dental floss at the jail as to implicate the Fourteenth Amendment.

17              **C.  Television and Newspapers**

18   Plaintiff alleges that the lack of television and newspapers in the jail violates his rights to

19   "free[dom] to obtain information" and to be free from cruel punishment. Dkt. 1-2, at 13.

20   Prisoners have a First Amendment right to receive published materials, including news

21   materials, subject to reasonable limitations. *See Pell v. Procunier*, 417 U.S. 817, 822 (1974).

22   "But that right does not create an affirmative duty on prisons to provide news publications

23   [or television news broadcasts] to inmates." *Collins v. Burl*, No. 2:11-CV-40-DPM-BD, 2011

24

WL 2457532, at *1 (E.D. Ark. June 17, 2011) (ruling that prisoner's claim failed as a matter of law where defendants did not themselves provide prisoner with published "material or access to television news").

Further, there is no constitutional right to watch television in prison. *James v. Milwaukee County*, 956 F.2d 696, 699 (7th Cir. 1992) (denial of television does not constitute a cognizable civil rights claim); *Murphy v. Walker*, 51 F.3d 714, 718, n. 8 (7th Cir. 1995) (per curiam) (same); *Gladson v. Rice*, 862 F.2d 711, 713 (8th Cir. 1988) (same); *Montana v. Commissioners Court*, 659 F.2d 19, 23 (5th Cir. 1981) ("The claims relating to the usage of radio and television were properly dismissed as frivolous. These claims do not pertain to federal constitutional rights."); *Manley v. Fordice*, 945 F. Supp. 132, 136-37 (D. Miss. 1996) ("[T]here is simply no right to television while incarcerated. . . . [S]uch items are luxuries, and any allowance of them in prisons is merely an altruistic act on the part of the Department of Corrections."); *see also Rawls v. Sundquist*, 929 F. Supp. 284, 291 (M.D. Tenn. 1996), *aff'd*, 113 F.3d 1235 (6th Cir. 1997) (no equal protection violation where death row inmates were denied satellite television because the denial "is within the wide-ranging discretion granted to prison administrators and does not impinge the Inmate Plaintiffs' constitutional rights").

Therefore, plaintiff cannot bring a plausible claim for a constitutional violation on the basis that the jail does not provide prisoners with television or newspapers.

**CONCLUSION AND DIRECTIONS TO PLAINTIFF AND CLERK'S OFFICE**

Due to the deficiencies described above, unless plaintiff shows cause or amends the proposed complaint, the Court will recommend dismissal of the proposed complaint without prejudice. If plaintiff intends to pursue a § 1983 civil rights action, plaintiff must file a proposed amended complaint and within the amended complaint, plaintiff must write a short, plain

statement telling the Court: (1) each constitutional right or statute that plaintiff believes was violated; (2) the name or names of the person or persons who violated the right; (3) exactly what each individual or entity did or failed to do; (4) how the action or inaction of each individual or entity is connected to the violation of plaintiff's constitutional rights; and (5) what specific injury plaintiff suffered because of the individuals' conduct. *See Rizzo v. Goode*, 423 U.S. 362, 371–72, 377 (1976).

If plaintiff still wishes to pursue a § 1983 claim, then plaintiff shall present the amended complaint on the form provided by the Court. The amended complaint must be legibly written or typed in its entirety, it should be an original and not a copy, it should contain the same case number, and it may not incorporate any part of the original complaint by reference. The amended complaint will act as a complete substitute for the original complaint and not as a supplement. An amended complaint supersedes all previous complaints. *Forsyth v. Humana, Inc.,* 114 F.3d 1467, 1474 (9th Cir. 1997) *overruled in part on other grounds*, *Lacey v. Maricopa County,* 693 F.3d 896 (9th Cir. 2012). Therefore, the amended complaint must be complete in itself, and all facts and causes of action alleged in the original complaint that are not alleged in the amended complaint are waived. *Forsyth,* 114 F.3d at 1474. The Court will screen the amended complaint to determine whether it contains factual allegations linking each defendant to the alleged violations of plaintiff's rights.

If plaintiff fails to file an amended complaint or fails to adequately address the issues raised herein on or before **April 1, 2022**, the undersigned will recommend dismissal of this action without prejudice pursuant to 28 U.S.C. § 1915(e).

The Court notes that plaintiff has filed a motion for the presiding district court judge in this matter, Judge Pechman, to review his motion to accept his financial statement and his

motion to proceed *in forma pauperis*. Dkt. 10, at 2. The undersigned declines to rule on this motion at this time.

The Clerk is directed to send plaintiff the appropriate forms for filing a 42 U.S.C. § 1983 civil rights complaint and a copy of this Order and to renote the motion to proceed IFP for consideration on April 1, 2022.

Dated this 1st day of March, 2022.

J. Richard Creatura
Chief United States Magistrate Judge