1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

SLOAN PATRICK STANLEY,

  Plaintiff,

  v.

MASON COUNTY JAIL and KEVIN
HANSON,

  Defendants.

CASE NO. C21-5860 MJP

ORDER ADOPTING REPORT
AND RECOMMENDATION AND
DISMISSING ACTION

This matter comes before the Court on Plaintiff Sloan P. Stanley's Objections to the

Report and Recommendation of Chief Magistrate Judge Creatura. (Dkt. No. 21.) Having

reviewed the Objections, the Report and Recommendation (Dkt. No. 18), Plaintiff's Proposed

Amended Complaint (Dkt. No. 16), Plaintiff's "42 U.S.C. § 1983 Supplemental" Complaint

(Dkt. No. 17), and all supporting materials, the Court OVERRULES Plaintiff's Objections,

ADOPTS the Report and Recommendation, and DISMISSES this matter WITH PREJUDICE.

**BACKGROUND**

Housed in the Mason County Jail, Plaintiff has filed a pro se lawsuit against Mason County and Kevin Hanson, the Mason County Jail Chief, alleging various constitutional violations stemming from his confinement. Plaintiff alleges that he has been denied meaningful and adequate access to the courts in violation of the 14th and 8th Amendments, denied adequate access to dental hygiene in violation of the 8th and 14th Amendments, denied the right to receive ideas and information in violation of the 1st, 14th, and 8th Amendments, and that his conditions of confinement violate the 14th Amendment.

After reviewing Plaintiff's initial complaint, Chief Magistrate Judge Creatura issued an Order to Show Cause in which he found the complaint failed to state a claim. (Dkt. No. 14.) Judge Creatura gave Plaintiff leave to file an amended complaint, which Plaintiff did (Dkt. No. 16) and then supplemented (Dkt. No. 17). Judge Creatura reviewed the proposed amendment complaint and supplemental complaint and recommended the matter be dismissed for failure to state a claim and for containing certain frivolous claims. (Dkt. No. 18.) Plaintiff filed his Objections to the Report and Recommendation. (Dkt. No. 21.)

**ANALYSIS**

**A.    Legal Standard**

Under Federal Rule of Civil Procedure 72, the Court must resolve de novo any part of the Magistrate Judge's Report and Recommendation that has been properly objected to and may accept, reject, or modify the recommended disposition. Fed. R. Civ. P. 72(b)(3); see also 28 U.S.C. § 636(b)(1).

As noted in the Report and Recommendation, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2).

1    Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause

2    of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S.

3    662, 678 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)). And courts "are

4    not required to indulge unwarranted inferences." Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677,

5    681 (9th Cir. 2009) (internal quotation marks and citation omitted). While factual allegations are

6    accepted as true, legal conclusions are not. Iqbal, 556 U.S. at 678.

7    **B.    Access to Courts**

8         Plaintiff objects to the Report and Recommendation's conclusion that Plaintiff has not

9    alleged a viable claim that the limitations on his use of pens and pencils violate the constitution.

10   (Dkt. No. 18 at 3-4; Dkt. No. 21 at 6-8.)

11        The constitution guarantees prisoners "a reasonably adequate opportunity to present

12   claimed violations of fundamental constitutional rights to the courts." Lewis v. Casey, 418 U.S.

13   343, 351 (1996) (citation and quotation omitted). But the constitution does not "guarantee –[a]

14   particular methodology but rather  . . . confer[s] . . . a capability—the capability of bringing

15   contemplated challenges to sentences or conditions of confinement before the courts." Id. at 356.

16   "Meaningful access to the courts is the touchstone." Id. at 351 (citation and quotation omitted).

17   This means the prisoner must be able to "litigate effectively once in court." Id. at 353 (citation

18   and quotation omitted) (emphasis in original). To state a claim of lack of meaningful access to

19   the courts, the plaintiff must also allege an actual injury, which means "an inmate must show that

20   official acts or omissions 'hindered his efforts to pursue a [non-frivolous] legal claim.'" Phillips

21   v. Hust, 588 F.3d 652, 655 (9th Cir. 2009) (quoting Lewis, 418 U.S. at 351).

22        The Court agrees with the Report and Recommendation's conclusion that Plaintiff's

23   amended pleadings fail to demonstrate adequate allegations that Plaintiff has been hindered in

24

ORDER ADOPTING REPORT AND RECOMMENDATION AND DISMISSING ACTION - 3

1    his efforts to pursue nonfrivolous legal claims. (Dkt. No. 18 at 4.) While Plaintiff would like to

2    have greater access to a pen, he admits that he has access to the writing tools necessary to pursue

3    his claims with the Court. That he would prefer a different level of access to pens is inadequate

4    to show an actual injury. In his objections, Plaintiff asserts that he has been hindered in his

5    ability to meet filing deadlines as evidenced by the fact that he sought an extension in this case

6    because of the limits on his use of pens. (Dkt. No. 21 at 6.) But Plaintiff's limited access to a pen

7    was not the only reason he requested an extension. (Dkt. No. 19 at 2.) He primarily contended

8    that he needed more time to complete briefing due in a matter pending before the Supreme

9    Court. (Dkt. No. 19 at 2.) The limited access to pens was not the primary reason the Court

10   granted the extension. And the limitation on access to pens has not appeared to pose any

11   significant impediment to Plaintiff's ability to litigate this case. Plaintiff has consistently filed

12   briefs in support of his claims and clearly has access to adequate writing implements. His briefs

13   are legible and written in pen, as the Pro Se Guide suggests must be done. See Pro Se Guide to

14   Filing Your Lawsuit in Federal Court at 9 (stating that "[d]ocuments must be typed or neatly

15   written in blue or black ink (no pencils) on white, 8½ x 11 paper.") And even if Plaintiff's briefs

16   were written in pencil, the Court would consider them as filed and permit leave to refile any

17   illegible briefing given that neither the Federal Rules of Civil Procedure nor the District's Local

18   Rules forbid pencil-drafted documents. The Court is therefore unconvinced that Plaintiff has or

19   can plead a viable claim for denial of access to the Courts.

20         The Court OVERRULES Plaintiff's objections and ADOPTS the Report and

21   Recommendation and DISMISSES this claim.

22

23

24

ORDER ADOPTING REPORT AND RECOMMENDATION AND DISMISSING ACTION - 4

1  **C.      Dental Hygiene**

2          Plaintiff objects to the Report and Recommendation's conclusion that Plaintiff has not

3  and cannot allege a claim that his inability to acquire dental floss amounts to a violation of the

4  Fourteenth Amendment.

5          "Pretrial detainees are entitled to 'adequate food, clothing, shelter, sanitation, medical

6  care, and personal safety.'" Alvarez-Machain v. United States, 107 F.3d 696, 701 (9th Cir. 1996)

7  (quoting Hoptowit v. Ray, 682 F.2d 1237, 1246 (9th Cir. 1982)). To state a claim of

8  unconstitutional conditions of confinement against an individual defendant, a pretrial detainee

9  must allege facts that show:

10             (i) the defendant made an intentional decision with respect to the conditions
               under which the plaintiff was confined; (ii) those conditions put the plaintiff at
11             substantial risk of suffering serious harm; (iii) the defendant did not take
               reasonable available measures to abate that risk, even though a reasonable
12             official in the circumstances would have appreciated the high degree of risk
               involved—making the consequences of the defendant's conduct obvious; and
13             (iv) by not taking such measures, the defendant caused the plaintiff's injuries.

14  Gordon v. County of Orange, 888 F.3d 1118, 1125 (9th Cir. 2018) (citation and quotation

15  omitted). Whether the conditions and conduct rise to the level of a constitutional violation is an

16  objective assessment that turns on the facts and circumstances of each particular case. Id. But "a

17  de minimis level of imposition" is insufficient to rise to the level of a constitutional violation.

18  Bell v. Wolfish, 441 U.S. 520, 539 n.21 (1979).

19          Plaintiff acknowledges that courts have distinguished between toothpaste and dental

20  floss, finding that lack of access to dental floss does not rise to the level of a constitutional

21  violation. (See Dkt. No. 21 at 8.) Plaintiff provides no contrary authority. And Plaintiff has not

22  identified a substantial risk of suffering a serious harm absent access to dental floss. While

23  access to dental floss may be prudent, Plaintiff still has access to toothpaste to maintain oral

24  health. The Court remains unconvinced the lack of access to dental floss can support a claim

1   under the Fourteenth Amendment. As such, the Court OVERRULES Plaintiff's objections and

2   ADOPTS the Report and Recommendation and DISMISSES this claim.

3   **D.    Right to Receive Information and Ideas via Television**

4          Plaintiff objects to the Report and Recommendation's conclusion that he has not stated a

5   First Amendment claim arising out of the jail's lack of television access. The Court disagrees.

6          The Report and Recommendation correctly summarizes the applicable law, which affirms

7   that there is no constitutional right to watch television in prison though the First Amendment

8   provides prisoners a right to receive published materials, including news materials, subject to

9   reasonable limitations. (Dkt. No. 18 at 6-7.) Plaintiff admits that "watching or having a television

10   is not a right." (Dkt. No. 21 at 10.) But he suggests that if the First Amendment guarantees a

11   right to access of ideas and information, he must be allowed a television to vindicate his "right to

12   information and ideas from free television programming." (Id.) The Court is unpersuaded by the

13   logic of this argument given that there is no First Amendment right to access televisions in jail.

14   Moreover, televisions are but one source of information and ideas and Plaintiff fails to identify a

15   constitutionally-impermissible barrier to his access to such materials. Nor has Plaintiff made any

16   colorable allegations that Defendants' refusal to provide televisions is unreasonable. Indeed,

17   Plaintiff admits that there is a cost to acquiring and installing televisions and that televisions

18   have been a source of conflict within the jail, leading to altercations. (Id. at 12, 15.) Plaintiff has

19   not stated a viable First Amendment claim despite being given leave to amend. The Court

20   OVERRULES Plaintiff's objections and ADOPTS the Report and Recommendation and

21   DISMISSES this claim.

22

23

24

**E.    Conditions of Confinement**

The Court agrees with the Report and Recommendation's conclusion that Plaintiff's claims related to the Jail's decision not to provide sheets and caffeinated coffee are frivolous.

Plaintiff has the right to be free from punishment under the Fourteenth Amendment, to the extent that he alleges he is a pretrial detainee. Bell, 441 U.S. at 533. In assessing conditions of confinement for pretrial detainees, the Court considers whether the conditions amount to punishment, causing harm or disability significantly exceeding or independent of the inherent discomforts of confinement, or whether they merely result from some legitimate governmental purpose. See Doe v. Kelly, 878 F.3d 710, 714, 720 (9th Cir. 2017). The Court evaluates a pretrial detainee's Fourteenth Amendment claim under an objective deliberate indifference standard. See Gordon v. County of Orange, 888 F.3d 1118, 1124–25 (9th Cir. 2018) (applying objective standard to medical care claims and describing similar treatment afforded medical care and other conditions of confinement claims). A pretrial detainee must demonstrate a defendant's acts or omissions were objectively unreasonable, and identify objective facts indicating the "challenged governmental action is not rationally related to a legitimate governmental objective or that it is excessive in relation to that [objective]." Kingsley v. Hendrickson, 576 U.S. 389, 398 (2015).

The Report and Recommendation correctly concludes that the absence of sheets or caffeinated coffee does not amount to punishment in violation of the Fourteenth Amendment. As Plaintiff concedes in his Objections, sheets do pose a safety risk and inmates can get "too 'wired' from too much coffee and [become] disruptive." (Dkt. No. 21 at 16-17.) These admissions undermine his claims that it is objectively unreasonable not to provide sheets or regular coffee. The Court agrees that these claims are frivolous and must be dismissed. Plaintiff's Objections also assert that the limitation on use of pens in secured areas and the denial of dental floss

constitute unconstitutional punishment. The Court disagrees. As Plaintiff concedes, there are legitimate reasons for these limitations and they are not objectively unreasonable. These claims, too, are frivolous and fail to satisfy Rule 8.

The Court OVERRULES Plaintiff's objections and ADOPTS the Report and Recommendation and DISMISSES this claim.

## CONCLUSION

The Court has considered Plaintiff's Objections to the Report and Recommendation. While Plaintiff has presented his arguments well, they do not convince the Court that his amended and supplemental complaints contain viable claims that comport with Rule 8. Nor is the Court convinced that any amendment could save these claims given that Plaintiff has been given leave to amend and that any further attempts to amend the claims would be futile. The Court therefore OVERRULES the Objections, ADOPTS the Report and Recommendation, and DISMISSES this action WITH PREJUDICE.

The clerk is ordered to provide copies of this order to Plaintiff and all counsel.

Dated June 30, 2022.

Marsha J. Pechman
United States Senior District Judge